UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO.: 21-CR-20218-SINGHAL

          Plaintiff,

v.

FREDDY SANCHEZ SORIA,

          Defendant.

_____/

### DEFENDANT, FREDDY SANCHEZ SORIA'S MOTION FOR DOWNWARD DEPARTURE/VARIANCE PURSUANT TO THE *18 USC § 3553* FACTORS AND *GALL v. UNITED STATES, 128 S.Ct. 586 (2007)*[1]

The Defendant, **FREDDY SANCHEZ SORIA**, by and through his undersigned counsel, and pursuant to *Fed. R. Crim. P. 32 (d)*, *(e)(2)* and *(f)*, the Fifth Amendment to the *United States Constitution*, *18 U.S.C. § 3553(a)*, *U.S.S.G. 5K2.0* of the *Sentencing Guideline,s* and *Gall v. United States, 128 S.Ct. 586 (2007),* respectfully files his Motion for Downward Departure and/or Variance. In support of his request for a downward departure and/or variance at sentencing, the Defendant states as follows:[2]

## I.    CONSIDERATION OF *18 USC §3553* FACTORS

The Defendant pursuant to *18 U.S.C. § 3553(a)* moves for a variance/departure from the Advisory Guidelines range. According to the offense level computations set forth in the PSR, the advisory sentencing guideline under *§2D1.1* is a Level 27 Criminal History Category I (70 to 87months

---

[1] The Defendant provides Notice to the Court that in the event the Court sustains the Defendant's Objections filed separately and determines that based on those Objections the Defendant's guideline range is a Level 23 with a Criminal History Category I corresponding to a sentence incarceration range of 43-57 months, the Defendant will withdraw this request for a downward departure/variance.

[2] In the event it becomes necessary to proceed with arguments on this motion, Defendant requests that the Court review it's ruling in a prior and similar case where it granted a downward departure/variance where the guideline sentencing range and criminal history were identical to this case but involved a different narcotic drug (cocaine) but at a much higher quantity of distribution. *See, US v. Yoislan Daniel Daniel, case # 19-CR-20796-SINGHAL.*



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

incarceration). *See Paragraph 130 of PSR*. The guideline range is far in excess of any sentence that is "sufficient but not greater than necessary" for punishment under *18 U.S.C. § 3553(a)*.

## SENTENCING AFTER BOOKER

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under *18 U.S.C. §3553(a)*. *United States v. Booker, 125 S.Ct. 738, 757 (2005)*. Under *Booker*, sentencing decisions are subject to a "reasonableness" standard of review which must be measured against the factors outlined by Congress in *§3553(a)*. *Booker, 125 S.Ct. at 761*. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances." *Gall v. United States, 128 S. Ct. 586 (2007)*. Indeed, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline range. *Gall, 128 S. Ct. at 595*. Under *Gall*, the district court must impose a sentence that is both procedurally and substantively reasonable. *Gall, 128 S. Ct. at 597; United States v Ireke, 2008 WL 862694 (11th Cir.)*. In order to impose a sentence that is procedurally reasonable, the district court must correctly calculate the advisory guideline level, treat the guidelines as advisory and not mandatory, consider all of the statutory factors contained in *18 U.S.C. § 3553(a)*, make correct factual findings and provide an adequate explanation for the sentence imposed. *Gall, 128 S. Ct. at 597*. If a sentence is procedurally sound, it may only be overturned if an appellate court determines that it is substantively unreasonable after considering the totality of the circumstances under an abuse of discretion standard. *Gall, 128 S. Ct. at 597; United States v. Pugh, 515 F. 3d 1179, 1191 (11th Cir. 2008)*.

In fashioning a sentence that is substantially reasonable, the district court has considerable discretion as to the weight it decides to give to each of the *3553(a)* factors. *See United States v. McBride, 511 F. 3d 1293, 1297-98 (11th Cir. 2008)* (noting that disagreement with how the sentencing court weighs certain factors is insufficient to reverse a procedurally reasonable sentence). Under *Gall,* the Court must



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

consider all of the §3553(a) factors and "*make an individualized assessment based on the facts presented.*" *Gall, 128 S. Ct. at 597.* The Eleventh Circuit has advised that "*after it makes [its] guideline calculation, the District Court may impose a more severe or more lenient sentence as long as the sentence is reasonable.*" *See* <u>United States v. Crawford</u>*, 407 F.3d 1174 at 1179 (11th Cir. 2005); See also* <u>United States v. Williams</u>*, 456 F.3d 1353, 1363(11th Cir. 2006)*. The sentence imposed must be "sufficient but not greater than necessary" to achieve the four purposes of sentencing outlined in *§3553(a)(2)*. *See* <u>United States v. Adelson</u>*, 441 F.Supp.2d 506 (SDNY 2006)* (finding the mechanical application of the advisory sentencing guidelines in a fraud case where losses totaled $260 million would produce a sentence far greater than necessary for punishment under §3553(a)).

In the Eleventh Circuit a guideline sentence is not presumptively reasonable. *See* <u>United States v. Campbell</u>*, 491 F.3d 1306, 1313 (11th Cir. 2007);* <u>United States v. Talley</u>*, 431 F.3d 784 (11th Cir. 2005)*. Instead, district courts must determine on a case-by-case basis the weight to be given the guidelines, so long as that determination is made with reference to the remaining *§3553(a)* factors. *See* <u>United States v. Hunt</u>*, 459 F.3d 1180, 1185 (11th. Cir. 2006)("[t]here are . . . many instances where the Guideline range will not yield a reasonable sentence")*.[3] Now that the guidelines are advisory only, they are simply "one sentencing factor among many." <u>United States v. Reinhart</u>*, 442 F.3d 857, 864 (5th Cir. 2006);* <u>United States v. Duhon</u>*, 440 F.3d 711, 715-16 (5th Cir. 2006)*. Accordingly, the Court has full discretion to sentence below the advisory guideline range without a motion for downward departure as long as the

---

[3] In application, the Eleventh Circuit has affirmed numerous below guideline sentences since *Booker* even without cooperation. *See, e.g.,*<u>United States v. Montgomery</u>*, Case No. 05-13935 (11th Cir. February 7, 2006)*(8 month sentence for bank fraud)(unpublished); *See also* <u>United States v. Gray</u>*, 2006 WL 1752372 (11th Cir. June 28th, 2006)*(affirming 72 month sentence even though low end of guidelines was 151 months); <u>United States v. Halsema</u>*, 2006 WL 1229005(11th Cir. May 9th, 2006)*(unpublished)(affirming 24 months sentence even though guidelines were 57-71 months and even though grounds for variance would not have supported departure); <u>United States v. Williams</u>*, 435 F.3d 1350 (11th Cir. 2006)*(90 months imprisonment was sufficient, but not greater than necessary to punish, deter and rehabilitate defendant even though low end of guidelines was 188 months.)



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

resulting sentence is reasonable. *Williams, 456 F.3d at 1363*.

Here, the strict application of the advisory sentencing guidelines produces a sentence far greater than necessary for punishment under *§3553(a)*. Taking into account the *18 U.S.C. § 3553(a)* factors, Mr. Sanchez Soria warrants a sentence well below the recommended guideline sentence as set out in the PSR if the Court were simply to follow the recommended sentencing range therein. *(See paragraph 130 of PSR)*. As set out below, *each* of the applicable sentencing factors set forth in *18 U.S.C. §3553(a)* amply justify a reasonable variance from the advisory guideline sentence.

<u>**ANALYSIS OF** *18 U.S.C. § 3553(a)* **FACTORS**</u>

**FACTOR 1: NATURE OF THE OFFENSE AND
HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

**1.    Nature of the offense**

On or about April 13th, 2021, Mr. Sanchez Soria was arrested in this case. The facts of the offense conduct are set out in paragraphs 15-52 of the PSR. In summary, the conspiracy period ran from June 2020 to April 8th, 2021. Sometime between February 4th and February 22nd, 2021, the Defendant was recruited by Co-Defendants Marrero and/or A.Rivera to attempt to develop a clientele in order to distribute gram quantities of Methamphetamine. Co-Defendant Marrero "fronted" 2 lbs of Methamphetamine to Mr. Sanchez Soria. The Defendant sold approximately 1 lbs of the Methamphetamine but was unable to sell the other, approximately 1 lbs because he did not have the clientele and wasn't interested in developing a clientele for that business. The Defendant on February 22nd, 2021 returned the remaining, approximate 1 lbs of Methamphetamine to Co-Defendant Marrero and VOLUNTARILY WITHDREW from the conspiracy because he no longer wanted to be involved in the Methamphetamine Distribution business. Upon returning the unsold portion of the Methamphetamine to Marrero, the Defendant advised Marrero that he was not interested and would no longer be involved in any methamphetamine distribution activity.



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

Marrero was stopped after leaving Mr. Sanchez Soria's house and law enforcement seized 434.1 grams of Methamphetamine which what had be returned to him by Mr. Sanchez Soria. *(See paragraph 27 of PSR).*

The conspiracy in this case lasted approximately 16 months. Mr. Sanchez Soria's involvement in the conspiracy last 18 days.

**2.     History and Characteristics of the Defendant**

Mr. Sanchez Soria is 42-years old with a very limited education. He has the equivalent of a high school education *(See paragraph 108 of PSR)* and has no professional skills or training. *Id.*  He has been employed part time in two (2) jobs since October 2021 as a laborer for a cleaning company and as a sales associate/delivery person with Botanica Alafia. *(See paragraphs 109 & 110 of PSR)*  Mr. Sanchez Soria has no criminal history other than this case. *(See paragraph 84 of PSR).* Mr. Sanchez Soria suffers from a very serious immunological condition *(See paragraph 100 of PSR).* The condition from which he suffers today, he will continue to suffer until a cure is found. To date there is no cure only medication to control the condition. He needs constant and daily specialized medication. *Id.*

Mr. Sanchez Soria has been married since 2014 and has one daughter with his current wife, a baby girl born in April 2022. *(See paragraph 95).* He also helps support another child from his wife's previous relationship. Mr. Sanchez Soria has been vaccinated and has received one booster shot of the COVID vaccine. However, because of his immunodeficiency condition even with the vaccine and the booster he is still in danger of serious health effects or even death the longer he remains incarcerated.

**FACTOR 2: THE PURPOSES OF SENTENCING - (RETRIBUTION,
SPECIFIC DETERRENCE, GENERAL DETERRENCE AND REHABILITATION)**

**1.     Rehabilitation**

A sentence consisting of incarceration for 70 to 87 months is far from necessary for Mr. Sanchez Soria's rehabilitation. Mr. Sanchez Soria began his rehabilitation, voluntarily, in February 2021 when he



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

withdrew from the criminal conspiracy charged in this case. Furthermore, as this Court is well aware, there are very few, if any, rehabilitation programs within the Federal Bureau of Prisons. While Congress is expected to legislate programs that will reduce imprisonment capacity and assist in the rehabilitation process of inmates, nothing is as they say "on the table for discussion" as of today. Mr. Sanchez Soria also met with the government and was debriefed which was also part of his rehabilitation.

**2.    Specific Deterrence**

A lengthy term of imprisonment is not necessary to protect society from Mr. Sanchez Soria, given that a term of imprisonment below the advisory guidelines, as requested herein, will adequately ensure that he does not pose any danger of recidivism. Since withdrawing from the conspiracy, Mr. Sanchez Soria has led a law abiding life with his wife and family. Furthermore, by pleading guilty and agreeing to cooperate he has acknowledged his poor judgment and sought to correct the error of his ways. He has already provided the government with a "safety valve" statement and is awaiting the government's decision as to whether additional statements or additional cooperation is required.

Furthermore, Mr. Sanchez Soria poses a minimal risk of recidivism. This assertion is bolstered by the studies detailed in the Sentencing Commission's report, "Measuring Recidivism," which resulted in the following findings:

> *(1) those who are married are less likely to recidivate than those who were not; (2) those who have not used illicit drugs are less likely to recidivate than those who did; (3) non-violent offenders are less likely to recidivate than violent offenders; (4) first time offenders are less likely to recidivate than repeat offenders; (5) those who are employed are less likely to recidivate than those who are not employed; and (6) those who are sentenced to non-jail sentences are less likely to recidivate than those who receive straight jail.*

In addition, Commission studies show that minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism. *See USSC, "A Comparison of the*



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

*Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score", at 15 (2005).* In the instant case, Mr. Sanchez Soria meets 4 out the 5 factors set out above. Whether he meets factor number 6 will be left up to this Honorable Court.

**3.    General Deterrence**

"General Deterrence" aims to deter *others* from committing crimes. While there is no question that possessing and distributing Methamphetamine is a serious offense, sentencing Mr. Sanchez Soria to a lengthy prison term is not necessary for purposes of general deterrence. Mr. Sanchez Soria is not a high-profile defendant who lived a lavish lifestyle based on criminal activity whom the public is likely to see as treated leniently unless he goes to prison for a lengthy period of time. On the contrary, Mr. Sanchez Soria's forthright remorse and plea of guilty offer examples to the public of the importance of cooperating with law enforcement to accept responsibility for one's wrongdoing. By rewarding Mr. Sanchez Soria appropriately for his willingness to withdraw from the conspiracy, admit his illegal conduct, and cooperate with the government, the Court effectively sends a message to others who may be involved in criminal behavior that withdrawing from criminal conduct, saving the government and the court time and money provides an opportunity to make up for prior wrongdoing and warns those who do wish to continue with illegal behavior that those who cooperate will be rewarded. Such a message has at least as much value for general deterrence purposes as sending Mr. Sanchez Soria to prison for a lengthy period of time.

**4.    Retribution (Just Punishment)**

While retribution is an important statutory factor under *§ 3553(a),* the overriding command of the law is for the Court to achieve a sentence "sufficient but not greater than necessary." *See United States v. Adelson*, 441 F.Supp. 2d 506, 515 (SDNY 2006) ("We are aware of no empirical evidence or studies indicating that a long prison sentence is necessary to achieve the retributive and general deterrence objectives applicable to a case like this one.")

7



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

## FACTOR 3: THE KINDS OF SENTENCES AVAILABLE

Title *18 U.S.C. § 3553(a)* expressly dictates that "[t]he Court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in ¶ (2) of this subsection" (*emphasis supplied*). As Judge Rakoff pointed out in *Adelson,* the operative word in this congressional mandate*,* is "necessary." *441 F.Supp. 2d at 515*. Under Factor 3 in *§ 3553(a)*, the Congress directs the Court to consider a wide range of alternatives to imprisonment if the availability of those alternatives would render a prison sentence "unnecessary."

Here, the Defendant is asking that this Court sentence him to a term of imprisonment below the advisory guidelines range. Specifically, the Defendant is requesting that this Court impose a sentence of Forty-Three (43) months incarceration. Based on the relevant sentencing factors present in Defendant's circumstances, and detailed herein, it is clear that a below guidelines sentence herein would be sufficient, but not greater than necessary, for punishment under *18 U.S.C. §3553(a)*. Indeed, numerous courts have agreed that the imposition of a below guidelines sentence, to the extent of sentencing defendants to probationary sentences, are warranted in situations similar, or worse, than that of the Defendant.[4]

---

[4] *See* United States v. Anderson, 267 Fed. App'x 847 (11th Cir. 2008)(affirming sentence of probation with home-confinement for white collar defendant where Guidelines were 18 to 24 months and prosecutor was requesting 18 month sentence, explaining that under Gall, district courts had wide discretion at sentencing); United States v. Decora, 177 F.3d 676 (8th Cir. 1999)(upholding as reasonable a downward departure from 37-46 months, for assault with a dangerous weapon, to a term three years of probation, with requirement of participating in substance abuse treatment program); United States v. One Star, 9 F. 3d 60, 61-62 (8th Cir. 1993)(upholding as reasonable a downward departure to a term of probation where guideline range is 33-41 months); United States v. Sclamo, 997 F. 2d 970, 972 (1st Cir. 1993)(upholding as reasonable a downward departure to a term of probation where guideline range was 24 -30 months); United States v. Jagmohan, 909 F. 2d 61, 65 (2nd Cir. 1990)(affirming district court's downward departure to a term of probation where guideline range was 15-21 months); United States v. Tomko, 562 F. 3d 558 (3rd Cir. 2009)(en banc)(district court did not abuse its discretion in sentencing defendant to probation with a year of home detention, community service, restitution, and fine for tax evasion, rather than a term of imprisonment where guideline range was 12 to 18 months, in part because of defendant's negligible criminal history, employment record, community ties, and extensive charitable works); United States v. Rowan, 530 F. 3d 379 (5th Cir. 2008)(where defendant convicted of possession of child pornography and Guidelines were 46 to 57 months, sentence of five years supervised release not unreasonable under Gall); United States v. Bueno, 549 F. 3d 1176 (8th Cir. 2008)(where defendant possessed more than 70 kilograms of cocaine, and Guidelines were 108-135 months, sentence of probation with house arrest for five years not unreasonable noting that "offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty,...and the district court observed in this case, Bueno is subject to house arrest during the entire

8

QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

In the present instance, the Defendant is asking the Court to impose much more than a probationary sentence. The Defendant is merely requesting this Court sentence him to a below-guidelines sentence that will punish him by restricting his freedom, but which adequately accounts for his personal circumstances, his current medical condition, the ongoing pandemic, as well as his efforts to correct his prior wrongdoing.

### FACTORS 4-5: THE ADVISORY SENTENCING GUIDELINES AND POLICY STATEMENTS

The PSR finds Mr. Sanchez Soria's total offense at level 27, with a Criminal History I category, resulting in a sentencing range of 70 to 87 months. This is the advisory guideline range resulting from the PSR. As previously stated, Mr. Sanchez Soria is requesting a downward departure/variance under the *18 USC § 3553* factors **and** *Gall v. United States, 128 S.Ct. 586 (2007).*[5]

### FACTOR 6: AVOIDING DISPARITY WITH SIMILAR OFFENDERS

This case involves multiple co-defendants. Those that have been sentenced are reflected in the PSR at pages 2-3. However, the Court should take notice of the extensive case law provided above detailing the downward departures granted in cases involving similar offenses and/or guidelines calculations as those present herein. The Court should also note that most of the cases set forth above involve offense levels much greater and offenses much more serious than the offense and offense level of the Defendant herein. Furthermore, as the Supreme Court stated in *Gall v. United States, 128 S.Ct. 586*

---

five-year period of probation"); United States v. Whitehead, 532 F. 3d 991 (9th Cir. 2008)(district court did not abuse discretion when it sentenced the defendant to probation with "substantial amount of community service and house arrest" where defendant was convicted of supplying counterfeit access cards causing loss of $1 million dollars and guideline range was 41-51 months); United States v. Ruff, 535 F. 3d 999 (9th Cir. 2008)(defendant sentenced to three years supervised release (one-day in jail) where guideline range was 30-37 months and defendant had pled guilty to embezzling $650,000 from non-profit organization over the course of three years); United States v. Coughlin, 2008 WL 313099 (W.D. Ark. Feb. 1, 2008)(where defendant embezzled money and evaded taxes and Guidelines were 33-41 months, sentence of probation with home detention for 27 months was imposed in part because "home detention and probation can be severe punishments...hugely restrictive of liberty, highly effective in the determent of crime and amply retributive").

[5] The departure/variance requested herein pursuant to *Gall* will be discussed in a following section of this memorandum.



QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

*(2007): "From these facts, it is perfectly clear that the District Judge considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among the other co-conspirators who were not similarly situated." Id. at 600.* So far the three co-defendants that have been sentenced have received sentences ranging from 60 to 135 months incarceration. *(See pages 2-3 of PSR).*

## FACTOR 7: RESTITUTION

Neither Mr. Sanchez Soria's relevant conduct herein nor the offense of conviction carry a restitution obligation. Therefore, restitution is not an issue for sentencing purposes in this cause.

### IV.   REQUEST FOR DEPARTURE/VARIANCE PURSUANT TO
### GALL v. UNITED STATES, 128 S.Ct. 586 (2007)

**A.  A sentence in the range of 70 to 87 months' imprisonment is far in excess of any sentence that is "sufficient, but not greater than necessary".**

Pursuant to § 3553(a), "[t]he Court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider" the factors in subsections (a) (1) – (7). *See U.S. v. Crawford, 407 F.3d 1174, 1178 (11th Cir.2005)* (noting "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing"). "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable." *Id.* at 1179. The § 3553 factors as applied to Mr. Sanchez Soria were addressed individually and in detail in the preceding section of the present filing. The factors all weigh in favor of Mr. Sanchez Soria's position herein that this Court should depart downward from the proposed guideline sentence herein (i.e., 70 to 87 months) and sentence him to a below-guidelines sentence of 43 months incarceration.

QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

The departure herein is especially warranted in light of Mr. Sanchez Soria's withdrawal from the conspiracy, his medical condition, and his family situation.[6]

In *Gall v. United States, 126 S.Ct. 586 (2007),* the defendant, petitioner, joined an ongoing enterprise distributing the controlled substance "ecstasy" while in college, but withdrew from the conspiracy after seven (7) months. Since withdrawing from the conspiracy he did not engage in any further criminal activity and completed his college education and became legally and steadily employed after his graduation. Three and a half years after withdrawing from the conspiracy, Gall pleaded guilty to his participation. A presentence report recommended a sentence of 30-37 months in prison, but the District Court sentenced Gall to 36 months' probation, finding that the probation reflected the seriousness of his offense and that imprisonment was unnecessary because his voluntary withdrawal from the conspiracy and post offense conduct showed that he would not return to criminal behavior and was not a danger to society. The Eighth Circuit reversed on the ground that a sentence outside the Federal Sentencing Guidelines range must be-and was not in this case-supported by extraordinary circumstances. The Supreme Court reversed the Eighth Circuit and affirmed the District Court's sentence of Gall.

The Court found that the District Judge regarded Gall's voluntary withdrawal as a reasonable basis for giving him a less severe sentence than the three codefendants who never withdrew from the conspiracy. *Id.* at 599-600. The Court also pointed out that *18 USC § 3553(a)(3)* directs the judge to consider sentences other than imprisonment. *Id. at 602.* The Court went even further and stated, "The District Court quite reasonably attached great weight to Gall's self-motivated rehabilitation, which was undertaken not at the direction of, or under supervision by, any court, but on his own initiative. This also lends strong support

---

[6] In *Gall,* at oral argument, the Government conceded that probation could be an appropriate sentence, given the exact same offense, if "there were compelling family circumstances where individuals will be very badly hurt in the defendant's family if no one is available to take care of them." *Id. at 602.*



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct or to protect the public from his criminal acts. *See 18 USC § 3553(a)(2)(B), (C)."* (See also <u>United States v. Penaloza</u>, 648 Fed. Appx. 508, 519-522 (6th Cir. 2016) (District Court departed downward from a Guidelines Level of 27, Criminal History III (135-168 months' imprisonment) to 106 months based on the defendant's withdrawal from the conspiracy. Defendant appealed and sought a greater reduction but the Sixth Circuit rejected the defendant's argument finding that no authority was cited for the proposition that a decision to vary more modestly is substantially unreasonable.)

In the instant case, in addition to the voluntary withdrawal from the conspiracy, Mr. Sanchez Soria's participation in the conspiracy which lasted 16 months, lasted a total of 18 days and was limited to selling approximately 1 lbs of Methamphetamine.

In a case where the Defendant's criminal history was substantially more severe than Mr. Sanchez Soria's, the sentencing court departed from a guideline range of 188 to 235 months to only a ninety (90) month term of imprisonment, based solely on an analysis of the §3553 factors. <u>*See*</u> <u>*U.S. v. Williams*</u>, *435 F.3d 1350 (11th Cir. 2006)* (holding that court did not act unreasonably in sentencing career offender convicted of selling $350 of crack cocaine to only a 90-month term, which was less than half of lowest sentence within advisory Guidelines range of 188 to 235 months, where district court correctly calculated the Guidelines range, weighed statutory factors, and gave specific, valid reasons for sentencing lower than this advisory range).

In <u>*Williams*</u>, the defendant was designated as a career offender due to a felony possession of cocaine with intent to sell or deliver, and a felony carrying a concealed firearm. <u>*Id*</u>. *at 1352.* Furthermore, the defendant's criminal history category, prior to the career offender enhancement, was V. <u>*Id*</u>. After the career offender enhancement, the defendant in <u>*Williams*</u> was subject to a level VI criminal history category.



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

In departing downward from a guideline range of 188 to 235 months' imprisonment, the court stated:

> I think, in light of _Booker,_ the Court is still required-and I give considerable deference and weight to the [G]uidelines because a great deal of thought and research and time has gone into developing them, and I think it's a worthy goal to try to obtain some degree of consistency throughout the country. On the other hand, there are occasions when the [G]uidelines simply produce an unjust result; and, in my view…188 months in prison for selling $350 worth of cocaine is akin to the life sentence for the guy that stole a loaf of bread in California. To me, that…does not promote respect for the law and is way out of proportion to the seriousness of the offense and to [Williams'] prior criminal conduct…The court also found a criminal history category of V sufficiently accounted for Williams' previous crimes. The court stated in this instance, 'the **[G]uidelines…do not produce a just and reasonable result.**' It found the difference between sentences within the Guidelines range with the enhancement and without the enhancement **was too disparate to ignore**. Specifically, a base offense level of 23 (26 minus 3 points for acceptance of responsibility) with a criminal history category of V resulted in a Guidelines range of 84 to 105 months' imprisonment without the enhancement, while a base offense level of 31 (34 minus 3 points for acceptance of responsibility) with a criminal history category of VI resulted in a Guidelines range of 188 to 235 months' imprisonment with the enhancement….[the court] could not "in good conscience" sentence Williams to 188 months' imprisonment because it was unreasonable. _Id_. at 1352-53 (emphasis added).

Ultimately, the _Williams_ Court sentenced the defendant to 90 months imprisonment, which it found "was '**sufficient, but not greater than necessary**' to punish, deter, and rehabilitate Williams." _Id. at 1355._

Here, a departure, as in _Williams_, would be reasonable in light of an analysis of the §3553 factors, as set forth in detail herein. Specifically, a sentence below the guidelines range to a sentence of forty-three (43) months, would result in a sentence that is "sufficient, but not greater than necessary." _See Williams, 435 F.3d at 1355; See also United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005)_ (holding a sentence 1/10 the length of the 20-year statutory maximum sentence was reasonable); _United States v. Carl Crawford, Case No.: 14-CR-20206-Bloom (S.D. F.L.)_ (finding that an 84 months sentence of imprisonment was "sufficient, but not greater than necessary" where advisory guidelines range was 188 to 235 months imprisonment). _See also United States v. Ferguson, 942 F. Supp. 2d 1186 (M.D. Ala._



QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

2013)(granting a downward variance from an advisory guidelines range of 10 to 16 months imprisonment to a sentence of four (4) years' probation with a special condition of eight (8) months home confinement, based on defendant's schizoaffective disorder, post-traumatic stress disorder (PTSD) and neurocognitive limitations, which left defendant particularly vulnerable to manipulation and coercion of more sophisticated criminal actors).

**B.   REQUEST FOR DOWNWARD DEPARTURE/VARIANCE PURSUANT TO U.S.S.G § 5K2.0**

Defendant requests that the Court grant him a downward departure/ variance under *18 USC § 3553* and *U.S.S.G. 5K2.0* for his cooperation with the Government in this case. Counsel will provide the Court with details at sentencing. Mr. Sanchez Soria is requesting consideration of his cooperation as a basis for a downward departure/variance. See, <u>*U.S. v. Barner*</u>, 572 F.3d 1239, 1249-1250 (11th Cir. 2009) *[Indeed, after Booker, a judge basing a sentence under the considerations outlined in 18 USC § 3553 may take a defendant's substantial assistance into account even if a prosecutor withdraws (or does not file) a 5K1.1 motion.*].

**C. DEFENDANT'S EXTRAORDINARY FAMILY CIRCUMSTANCES**

The Defendants humbly request that in sentencing the Defendants, this Honorable Court take into account the Defendants' extraordinary parental and caregiver situation. A district court may depart downwardly outside the guidelines to reflect a defendant's parental and/or caregiver situation that exhibits extraordinary circumstances. *See* <u>*U.S. v. Cacho*</u>, 951 F.2d 308, 311 (11th Cir. 1992); *See also* <u>*U.S. v. Allen*</u>, 87 F.3d 1224, 1225 (11th Cir. 1996) *(district courts may depart on family circumstances only in "extraordinary" cases).*

As detailed above and in the PSR, Mr. Sanchez Soria is intimately involved with his family, as a husband and as a father to two minor daughters, one of whom is a newborn. His wife takes care of the



QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

children and he works 2 part-time jobs to support them. Therefore, Mr. Sanchez Soria will be the only financial provider available to take care of the needs of his wife and children.

The Sixth Circuit in *U.S. v. Marine* addressed the issue that a sentencing court faces in considering whether a defendant's family circumstances are extraordinary:

It is clear that the mere existence of parental responsibilities is not extraordinary. It is also clear that there are myriads of single parent homes with three or four children in them, so that in and of itself is not extraordinary. It is also evident that many families cannot rely on the possibility of family or close friends rather than strangers assuming custody of the children, and in many instances, like this case, there is also the absence of criminal history. It is where that rare case comes along where several of these instances or conditions coalesce that serious consideration of downward departure should exist. *94 F. Appx 307, 308-09 (6th Cir. 2004) (emphasis added).*

In *Marine*, the defendant was a mother of three children, ages 17, 11, and 7, the oldest of whom had a 9-month old child. Id. The father was a co-defendant in the case and was sentenced to 57 months in prison the week before the defendant was sentenced. Id. Furthermore, the defendant's mother could not or would not care for the children, and defendant had no other family or friends who could assume the position of caregiver to the children. Id. The court noted that the coalescing of the aforementioned circumstances with the fact that defendant had no criminal history points justified "a downward departure, not because of the defendant but because of the children in this case and the responsibility of the defendant in caring for those children." *Id*. As a result, the defendant in Marine, who had an offense level of 34, warranting 87 to 108 months of imprisonment, was granted a 10-level downward departure based on the defendant's family responsibilities. *Id. at 311*.

Furthermore, it has been established that the mere existence of potential alternative sources of assistance or care is not sufficient to undermine a claim of irreplaceability, as these alternative resources

15



must also be reasonably available, feasible, and relatively comparable to the defendant. *See U.S. v. Husein, 478 F.3d 318, 327 (6th Cir. 2007) (upholding downward departure from offense level 21 to noncustodial sentence of 3 years supervised release, with 270 days of home confinement, for defendant, who along with her mother provided care to her siblings ages 17, 15, and 11, as there was no one else available to fill defendant's role if she were incarcerated)*. In the instant case, there are no alternative resources that are available, feasible, and relatively comparable to those afforded by Mr. Sanchez Soria.

Consequently, as in *Marine*, here, there is a coalescing of factors that warrant a downward departure based on the Defendant's status as an irreplaceable caretaker. *See Marine, 94 F. App'x at 312; See also U.S. v. Leon, 341 F.3d 928, 931-33 (9th Cir.2003)(observing that "[p]ermissible downward departures generally involve situations where the defendant is an irreplaceable caretaker of children, elderly, and/or seriously ill family members, and the extent of the departure appropriately serves to protect those family members from the impacts of the defendant's prolonged incarceration"); U.S. v. Pereira, 272 F.3d 76, 80-83 (1st Cir.2001)(noting that a district court must find that defendant is "irreplaceable" before granting downward departure under Guidelines based on discouraged factor of family obligations)*.

The Defendant is not proud to come before this Court relegated to the submission of this request. He is cognizant that his own conduct has needlessly placed them, his wife and his daughters in this troubling situation. Notwithstanding, these circumstances are such that they warrant the Court's consideration in the event the Court is inclined to consider imposing a sentence of incarceration as to this Defendant. Such a result would not only lead to a damaging parent-child separation during a critical developmental stage in both his daughter and son's lives, but would also result in a separation between Mr. Daniel and his wife at a time where she and his family need him the most. For these reasons, Defendants humbly submit that their family circumstances present an "extraordinary case," as required by



QUINTERO BROCHE™

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

*U.S. v. Mogel, 956 F.2d. 1555 (11th Cir. 1992)*, and warrant the Court's consideration to the extent that downward departures and/or variances of sentence herein would result in a non-prison sentence.

<b>V.   <u>CONCLUSION</u></b>

**WHEREFORE**, for the reasons detailed herein, the Defendant, FREDDY SANCHEZ SORIA, respectfully prays that this Court will grant him a departure and/or variance from the proposed guideline range and impose a sentence of forty-three (43) months incarceration because as the Supreme Court stated in *Gall*, quoting the District Judge: "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing". *Id. at 599.*

Mr. Sanchez Soria and Counsel thank this Court for considering his objections to the Presentence Investigation Report (PSR), Sentencing Memorandum, and Request for a Downward Departure and/or Variance. Counsel will have further remarks at the time of sentencing.

<b><u>CERTIFICATE OF SERVICE</u></b>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed via *CM/ECF* this 11th day of July, 2022.

Respectfully submitted,

**QUINTERO BROCHE, P.A.**
*Attorneys for the Defendant*
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33134
Tel.: 305-446-0303 / Fax: 305-446-4503


By: /s/ *Frank Quintero, Jr.*
      FRANK QUINTERO, JR.
      Florida Bar No.: 399167

17



QUINTERO BROCHE™
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503